458 So.2d 354 (1984)
DEPARTMENT OF CORRECTIONS, Appellant/Cross Appellee,
v.
Douglas L. ADAMS, G.M. Piccirillo, and James Layfield, Appellees/Cross Appellants.
Nos. AU-364, AU-401.
District Court of Appeal of Florida, First District.
October 18, 1984.
*355 Jim Smith, Atty. Gen., Kevin J. O'Donnell, Certified Legal Intern; and Arthur C. Wallberg, Asst. Atty. Gen., Tallahassee, for appellant/cross appellee.
Douglas L. Adams, G.M. Piccirillo, and James Layfield, pro se.
WIGGINTON, Judge.
Appellant, Department of Corrections (Department), appeals that portion of the DOAH final order finding that certain Union Correctional Institution (UCI) visiting regulations are an invalid exercise of delegated legislative authority. Appellees, cross appellants, inmates at UCI, appeal that portion of the final order finding that Department Policy and Procedure Directive number 3.04.12 is a valid exercise of delegated legislative authority. We reverse on both issues.
The Department's function is to administer the state prison system comprising seventy-nine separate correctional institutions ranging in size from specialized facilities housing less than twelve female inmates to large prisons confining approximately 2600 male inmates. Pursuant to the authority vested in it by section 944.23, Florida Statutes, the Department has enacted a series of rules governing visitation within the state prisons. Chapter 33-5, Florida Administrative Code. Those rules, adopted in accordance with the rulemaking procedures of section 120.54, Florida Statutes, direct the secretary of the Department to authorize the superintendents of the various prisons in the state to adopt visitation policies within the individual prisons. The superintendents are directed to "see that a reasonable number of days and hours are designated for inmate visiting" and to "provide an adequate area where inmates may receive regular or special visitors... ."
Department Policy and Procedure Directive 3.04.12, issued by the secretary of the Department, sets forth visiting guidelines with greater specificity than does chapter 33-5, and was intended to be a detailed guide for the seventy-nine or so superintendents in drafting and tailoring visitation regulations for each facility. However, it was not enacted as a rule pursuant to section 120.54, Florida Statutes.
Contrary to the statement of the hearing officer in his final order, some provisions of that directive are not merely restatements of chapter 33-5.[1] Those additional *356 provisions of the directive affect the substantial interests of the inmates. To some extent, the additional provisions of the directive are self-executing and do not grant unlimited discretion in the superintendents. Thus, in our view, the directive constitutes a rule and should have been subjected to section 120.54, Florida Statutes, rulemaking procedures. Since it was not enacted pursuant to those procedures, the directive is an invalid rule. State, Department of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977); McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977); State, Dept. of Com., Etc. v. Matthews Corp., 358 So.2d 256 (Fla. 1st DCA 1978); Florida State University v. Dann, 400 So.2d 1304 (Fla. 1st DCA 1981).
On the other hand, the visiting regulations promulgated by the superintendent at UCI do not constitute agency rules subject to chapter 120, Florida Statutes, requirements. Under our reading of sections 120.52, 20.04, and 20.315, Florida Statutes, individual prisons are not "agencies" within the meaning of the Administrative Procedure Act and therefore prison superintendents do not have the power to enact agency rules although they do have the power to implement Department rules. In this case, the visitation regulations of each prison are subject to approval by the secretary of the Department. Chapter 33-5.01, Florida Administrative Code.
We are persuaded that as a practical approach to administering the prison system and maintaining uniformity and consistency, it is the agency that must establish all Department policy through the rulemaking procedure.
No one seriously questions subjecting the proposed agency policy to comment, debate and scrutiny pursuant to proper notice and the other section 120.54 requirements. The dilemma is how many times must the same subject be addressed and by whom. We have found that the individual prisons are not agencies and although the superintendents are called upon to reduce their policies and regulations to writing, they must confine their enactments to rules promulgated by the Department pursuant to legislatively delegated authority. Thus, the enactments at the prison level are not subject to attack pursuant to chapter 120, Florida Statutes.
Appellees are not without challenge and recourse. The Department must meet the statutory requirements for rulemaking in converting its directive 3.04.12 into a rule applicable to and affecting the several superintendents and prisons. Any disagreement, hardship or dispute appellees or other inmates may have with the tailoring and implementation of the particular procedures of the prison will be reviewed through the normal grievance procedures already available. Chapter 33-3.07, Florida Administrative Code.
The UCI visitation regulations in question here were intended to be merely an implementation of the rules promulgated by chapter 33-5 and department directive 3.04.12. Since we found the directive to be an invalid rule and since chapter 33-5 lacks the specificity required to constitute a sufficiently narrow basis for the UCI visitation regulations, we find and conclude that the UCI visitation regulations are without legal basis and authorization *357 and must be vacated until such time as the Department fully establishes its policy through rulemaking procedures.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Policy and Procedure Directive 3.04.12 provides at paragraph V.A. 1:

Visiting days shall normally be designated as Saturday and Sunday between the hours of 9:00 a.m. and 3:00 p.m. Where unusual circumstances occur, additional days may be designated for visiting. Institutions are authorized to restrict visiting to one of these days; or when facilities permit, visiting may be permitted more than one day.
The Directive provides at paragraph V.B.:
There is no limit on the number of individuals that may visit an inmate on any particular visiting day other than those restrictions imposed regarding limited space at each institution. Each institution is authorized to place a limitation when physical facilities are restrictive. However, reasonableness should be exercised when possible in regard to the number of visitors that would be permitted. Those institutions restricting visits to either Saturday or Sunday, but not both, may permit special exception in the case of those individuals that have traveled a significant distance, especially when such visits are on an infrequent basis.
Paragraph V.E. 1. provides:
Regular and special visitors are restricted from visiting more than one inmate within an institution unless they are on the approved visiting list of more than one inmate so incarcerated. A visitor may not visit one inmate and then decide to visit further with friends of that inmate.