469 So.2d 164 (1985)
Douglas L. ADAMS, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. AY-5.
District Court of Appeal of Florida, First District.
May 14, 1985.
*165 Douglas L. Adams, pro se.
Jim Smith, Atty. Gen., and John J. Rimes, III, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant Adams, an inmate at Baker Correctional Institution (BCI) appeals the DOAH final order finding that the Institution's Operating Procedure (IOP) 78-G-1 is valid. We affirm.
The superintendent of BCI issued IOP 78-G-1 entitled "Preparation of Legal Documents." That directive is addressed to all inmates and sets forth the procedures to be followed in obtaining information to prepare legal documents, with one section especially relating to obtaining copies of legal documents. Subsequent to the superintendent's issuance of 78-G-1, the Department of Corrections (DOC) promulgated Florida Administrative Code rule 33-3.051, titled "Copying Services for Inmates" which mandates that all institutions and facilities in the prison system shall provide copying services to inmates involved in legal and administrative proceedings. The rule designates the type of materials which may be copied and the price to be paid by the inmate for each copy.
Appellant is not challenging the DOC's rule 33-3.051 but limits his challenge to whether the IOP constitutes a rule that was not properly promulgated. His particular grievance involves that portion of the IOP which provides:
The inmate may make arrangement for copying services by writing his classification specialist.
Appellant contends that such a requirement is inconsistent with DOC rule 33-3.051 and DOC Policy and Procedure directive 4.10.51 (rev. May 17, 1983) because the classification specialists do not respond to requests within sufficient time for the inmates to meet court deadlines, despite the requirement that such requests are to be answered within seven days, and even though the specialist may order expedited copies of records when a short deadline must be met.
We agree that IOP 78-G-1 does not constitute a duly promulgated rule pursuant to statutory criteria and chapter 120 procedure. However, as we held in Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984), the DOC is the agency required by law to promulgate rules reflecting its intended policy pursuant to legislatively delegated authority. Individual prisons are not agencies of the state and although prison superintendents must reduce their directives and regulations to writing which are subject to DOC approval, they must confine the scope of their enactments to rules promulgated by the DOC. Adams at 356.
The hearing officer found in this case that rule 33-3.051 contemplates that some person from within the prison system would be designated to approve and assist in obtaining the copies. The challenged portion of the IOP merely makes the designation as to who will carry out the mandate of the DOC rule. Should the classification officer fail to properly perform in this capacity, the affected inmate may seek immediate review through the normal grievance procedures. Fla. Admin. Code Rule 33-3.07.
We conclude that these practical everyday basic human wants and needs of inmates must be determined and met by the *166 individual prison superintendent's issuing directives limited to his institution and based upon broad rules properly established by the DOC. Chapter 120 rulemaking was not intended to affect fundamental prison administration or inundate each prison superintendent with unrelenting paper work. The time and talent of prison officials may better be utilized by personally seeing to the needs and deprivations of each inmate who may address complaints through the already available and more expeditious and orderly grievance procedure. Although the hearing officer did not have the benefit of this Court's instruction in Adams and found it necessary to make the legal determination that IOP 78-G-1 is valid, which conclusion is affirmed, we believe the preferable course of action would have been to direct appellant's efforts in accordance with the opinions expressed herein.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.