469 So.2d 166 (1985)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
Joe Lewis HOLLAND, Curtis Head, Chadock Richard, Douglas Adams and Joe Richardson, Appellees.
No. AY-326.
District Court of Appeal of Florida, First District.
May 14, 1985.
*167 Jim Smith, Atty. Gen., and John J. Rimes, III, Asst. Atty. Gen., Tallahassee, for appellant.
Joe Lewis Holland and Douglas L. Adams, pro se.
WIGGINTON, Judge.
Appellees, inmates at Baker Correctional Institution (BCI), petitioned the Division of Administrative Hearings (DOAH), seeking a holding that the Department of Corrections (DOC) Policy and Procedure directive 2.02.13 and BCI Operating Procedure (IOP) 78-G-14 are rules which have not been validly promulgated under the provisions of statutory section 120.54, Florida Statutes.
Following a hearing, the DOAH officer concluded that DOC directive 2.02.13 and BCI Operating Procedure 78-G-14, as they relate to maximum issues of winter clothing, are in fact unpromulgated rules and invalid exercises of delegated legislative authority. The department appealed.
We agree with the hearing officer that the department's "Inmate Clothing and Linen Policy" directive 2.02.13 is of such breadth and application throughout the prison system as to constitute a statement of agency policy not promulgated as a department rule in accordance with section 120.54, Florida Statutes, and therefore is an invalid exercise of delegated legislative authority.
On the other hand, we disagree with the hearing officer's conclusion that the BCI Superintendent's IOP 78-G-14 requires rulemaking treatment. The IOP was premised on the authority of sections 20.315, 944.09 and 945.21, Florida Statutes, as well as Florida Administrative Code rule 33-3.02(6), the challenged DOC directive 2.02.13, and DOC directive 4.07.20.
Finally, as we have recently held, it is the DOC which is the agency required by law to promulgate rules and not the individual prisons of this state. Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984) and Adams v. Department of Corrections, 469 So.2d 164 (Fla. 1st DCA 1985).
Should appellant or others find themselves affected by this IOP by virtue of being issued inadequate clothing, whether or not the issue is in compliance with the IOP, then these disputes must initially be reviewed through the already existing grievance procedures. Fla. Admin. Code Rule 33-3.07.
Affirmed in part and reversed in part.
SMITH and SHIVERS, JJ., concur.