474 So.2d 1199 (1985)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
Gary M. PICCIRILLO and Winston Lloyd, Appellees.
DEPARTMENT OF CORRECTIONS, Appellant/Cross-Appellee,
v.
Joe Lewis HOLLAND and Douglas L. Adams, Appellees/Cross-Appellants.
Nos. AY-487, AZ-336.
District Court of Appeal of Florida, First District.
May 21, 1985.
Rehearing Granted in Part August 22, 1985.
*1200 Jim Smith, Atty. Gen., Randall A. Holland, Asst. Atty. Gen., Tallahassee, for appellant, cross-appellee.
Joe Lewis Holland and Douglas L. Adams, pro se.
SHIVERS, Judge.
Appellant, Department of Corrections, appeals two final orders of the Division of Administrative Hearings holding certain portions of Union Correctional Institution's Operating Procedure No. 81-6 to be invalid rules, not promulgated pursuant to section 120.54, Florida Statutes. Appellees Holland and Adams cross-appeal that portion of the Division's ruling in Case No. AZ-336 finding legislative authority for Rule 33-3.06(5)(b), F.A.C. We reverse both orders of the Division relating to the Institutional Operating Procedure (IOP) and find that appellees' cross-appeal is without merit.
The appellees were inmates at Union Correctional Institution at the time of the proceedings below. In October 1983 all four appellees filed a petition with the DOAH to determine the invalidity of several written Union Correctional Institution (UCI) directives and policies relating to the mandatory conversion of currency into coupons for use in the prison's canteen. Petitioners Holland and Adams were subsequently dismissed for lack of standing. Piccirillo and Lloyd's petition was then amended to confine the determination to IOP No. 81-6, entitled "Inmate Canteen Coupon Books." The stated purpose of IOP No. 81-6 is to establish "Canteen Coupon Books" as the approved medium of exchange for UCI inmates and to establish procedures, limitations, and disciplinary measures relating to those coupons. The IOP approves coupon books as the only medium of exchange for UCI inmates and declares all currency, coins, or other negotiable instruments in an inmate's possession to be contraband. The IOP was not adopted as a rule pursuant to the procedures outlined in section 120.54, Florida Statutes.
After a hearing, the DOAH found paragraph 81-6.3A, establishing coupons as the medium of exchange at UCI, to be an unpromulgated, invalid rule within the meaning of section 120.52(15), Florida Statutes. *1201 In February 1984, appellees Holland and Adams, who had previously been dismissed, filed a separate petition to determine the invalidity of both IOP No. 81-6 and Rule 33-3.06(5)(b), F.A.C. The rule provides that, in institutions using canteen coupons, all cash found in an inmate's possession, as well as any coupons belonging to another inmate, will be considered contraband. The Division in that case determined the IOP in its entirety to be an unpromulgated, invalid rule, but held that the Department had the statutory authority to promulgate Rule 33-3.06(5)(b), F.A.C. The two cases were consolidated for appeal.
While we would note the logic of the Hearing Officer's analysis of the law in both cases, neither Hearing Officer had the benefit of this court's recent decision in Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984). In that case, it was held that "individual prisons are not agencies" and, thus, "enactments at the prison level are not subject to attack pursuant to chapter 120, Florida Statutes." Id. at 356. The court noted, however, that this determination would leave inmates with two avenues of recourse, as they may (1) challenge the Department's authority to promulgate directives pursuant to the rulemaking requirements of chapter 120 and (2) review any disputes they may have by way of the existing grievance procedures outlined in Rule 33-3.07, F.A.C. Although the IOP in this case was based on the authority of Department of Corrections Policy and Procedure Directive Nos. 2.02.09 and 2.02.23, as well as Regional Operating Procedure No. 6, none of these written policies were challenged by the petitioners. Therefore, we must hold, on the basis of this court's decision in Department of Corrections v. Adams, supra, that the Hearing Officers in both cases erred in finding portions of the IOP to be invalid, unpromulgated rules.
We find cross-appellants' argument to be without merit and affirm that portion of the order denying the petition for invalidity as to Rule 33-3.06. Article I, Section 10, Clause 1 of the United States Constitution prohibits states from issuing anything intended to pass as currency in the ordinary course of business. Poindexter v. Greenhow, 114 U.S. 270, 5 S.Ct. 903, 29 L.Ed. 185 (1884). It is not enough, however, that the token or note issued by the State is capable of being used as money. Instead, it must be fit for general circulation in the community as a substitute for money. Houston & Texas Central Railroad Co. v. Texas, 177 U.S. 66, 20 S.Ct. 545, 44 L.Ed. 673 (1900). Such is clearly not the case here, as the coupons were intended for use only at the UCI canteen.
Accordingly, we reverse the holding of the Hearing Officer in Case No. AY-487. We also reverse the portion of the order in Case No. AZ-336 finding IOP No. 81-6 to be an invalid rule and affirm that portion of the order finding legislative authority for Rule 33 3.06(5)(b), F.A.C.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.

ON MOTION FOR REHEARING
PER CURIAM.
The appellee/cross-appellants have filed a motion for rehearing, bringing to our attention a portion of this court's reasoning in Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984). In Adams, upon which we based our opinion in the instant case, this court held that because individual prisons are not agencies, "enactments at the prison level are not subject to attack pursuant to chapter 120, Florida Statutes." 458 So.2d at 356. It thus reversed the DOAH order which had found the challenged Union Correctional Institution visiting regulation to be invalid. The court went on, however, to analyze the sufficiency of the two "bases" for the prison regulation. Since it found the Department directive to be an invalid rule, and found chapter 33-5, F.A.C., to lack "the specificity required to constitute a sufficiently narrow basis" for the visiting regulations, the court concluded that the regulations were "without legal basis and authorization *1202 and must be vacated until such time as the Department fully establishes its policy through rulemaking procedures." 458 So.2d at 356-357.
The movants argue that Adams requires this court to analyze the bases of the challenged IOP in the instant case. We agree and have determined that the two Department directives, the regional operating procedure, and the rule upon which the challenged IOP is based do not provide the specificity required to constitute a sufficiently narrow basis. Our opinion of May 21, 1985 stands, but is modified in that the IOP is vacated until the Department establishes its policy through the rulemaking process. The motion for rehearing is granted to the extent indicated, but is otherwise denied.
BOOTH, C.J., and SHIVERS and ZEHMER, JJ., concur.