MILLS, Judge.
This case arose upon a petition filed by several inmates challenging the Orientation Handbook provided to all inmates at the Lake Correctional Institution. The issue presented was whether the Handbook constituted an invalid exercise of delegated legislative authority by the prison because it had not been adopted as a rule pursuant to Chapter 120, Florida Statutes, and was the basis of disciplinary action against inmates. On 22 May 1985, a final order was issued denying the inmates petition. The hearing officer found in his order that the Handbook did not constitute an invalid exercise of delegated legislative authority because it was merely a compendium of regulatory guidelines based on statutes and Department of Corrections rules. We agree and affirm the order.
*10 Basically, Harris contends on appeal that because the Handbook was over five years old and had not been revised to reflect current statutory law and Department of Corrections rules, and yet was still cited by prison officials in disciplinary reports as the basis for disciplining inmates, the Handbook should have been declared invalid. The Handbook by its own terms is a compendium of the statutes, rules, and regulations affecting the conduct of inmates while housed in the institution. Further, the Handbook states that the statutes and regulations change from time to time and that it is the inmates’ responsibility to check what the existing rules are.
In order for the Handbook to be found an invalid exercise of legislative authority, it was necessary for Harris to establish that it was the primary source of the regulations contained therein. See, Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984). This he has failed to do. In Adams, the court held that individual prisons are not agencies within the meaning of the Administrative Procedure Act, and therefore, regulations promulgated by superintendents of individual prisons do not constitute agency rules subject to Chapter 120, Florida Statutes, requirements. Evidently, superintendents are called upon to reduce their policies and regulations to writing, confining their enactments to rules promulgated by the Department of Corrections pursuant to legislatively delegated authority. See also, Adams v. Department of Corrections, 469 So.2d 164 (Fla. 1st DCA 1985); Cribbs v. Department of Corrections, 470 So.2d 757 (Fla. 1st DCA 1985); Department of Corrections v. Piccirillo, 474 So.2d 1199 (Fla. 1st DCA 1985).
Harris’ argument that inmates are being disciplined pursuant to rules in the Handbook that are outdated may in fact be a valid complaint. However, his remedy does not lie in a Chapter 120 proceeding. Rather, any disagreement Harris or other inmates may have with the Handbook’s regulations should be reviewed through the normal grievance procedures available through Chapter 33-3.07 of the Florida Administrative Code.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.