## FREDERICK, et al. v DEPARTMENT OF CORRECTIONS and CRIBBS, et al. v DEPARTMENT OF CORRECTIONS

### Case Nos. 86-4420R and 86-4421R

State of Florida, Division of Administrative Hearings

February 12, 1987

#### APPEARANCES OF COUNSEL

**Douglas L. Adams, Darrell E. Blackwelder, Sr.,** and **Carl B. Cribbs,** Qualified Representatives, Union Correctional Institution, for petitioners.

**Benjamin E. Poitevent,** Assistant Attorney General, for respondent.

#### OPINION

MICHAEL M. PARRISH, Hearing Officer.

### *FINAL ORDER*

Pursuant to notice, a formal hearing was conducted in this case on

December 11, 1986, at Union Correctional Institution, Raiford, Florida, before Michael M. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings. At the hearing the parties were represented as follows:

## ISSUES AND INTRODUCTION

Petitioners, inmates at Union Correctional Institution, filed petitions pursuant to Section 120.56, Florida Statutes, challenging the validity of Respondent's Rule 33-33.0045, Florida Administrative Code, and Form DC3-302M dated 8-83, as invalid exercises of delegated legislative authority. Specifically, Petitioners allege that Respondent's Rule 33-3.0045(2)(g) is arbitrary and capricious. Petitioners also allege that Respondent has implemented an amended Form DC3-302M (8/83) without going through rule-making procedures and that such action by Respondent constitutes the formation of a new rule as defined in Section 120.52(15), Florida Statutes, and that the failure of Respondent to promulgate such a rule change in accordance with Section 120.54, Florida Statutes, renders the rule invalid.

In support of this challenge, Petitioners called as witnesses Mr. Jerry Pilcher, Business Manager of U.C.I.; Mr. Raymond Hay, Canteen Supervisor at U.C.I.; Col. Vernon Dukes, Chief of Security at U.C.I.; Officer Carla Faulk; Ms. Paula Lynn Decker, a non-inmate civilian; Inmate Douglas Hedges; Officer Richard Jernigan; and Petitioner Douglas L. Adams. Respondent called Mr. Milton R. Hicks, Assistant Superintendent at U.C.I.

Subsequent to the hearing a transcript of the proceedings was filed with the Division of Administrative Hearings on January 6, 1987. And as previously agreed at the close of the hearing, all parties were allowed 15 days from the date of the transcript within which to file their proposed final orders. Both Petitioners and Respondents filed proposed final orders which have been carefully considered in the preparation of this Final Order. A specific ruling on each proposed finding of fact submitted by each party has been made in the attached Appendix which is incorporated into this Final Order.

## FINDINGS OF FACT

Based on the stipulations of the parties, on the exhibits received in evidence, and on the testimony of the witnesses at the hearing, I make the following findings of fact.

1. All Petitioners were, at the time of the filing of these petitions, inmates incarcerated at Union Correctional Institution. Subsequent to that filing Petitioner and authorized representative Douglas L. Adams

251

has been reassigned to Tomoka Correctional Institution, but was transported to Union Correctional Institution by Respondent for this hearing.

2. Petitioners, as inmates of Respondent, are subject to Rule 33-3.0045, Florida Administrative Code, which establishes a requirement for inmates to receive packages only by obtaining a package permit and that such request must be submitted on Form DC3-302M, Package Permit Form, and approved by the correctional officer chief or his designee.

3. Petitioners have attached to both petitions an altered form DC3-302M, which they allege has been improperly altered by Respondent and is therefore in violation of Section 120.55(1)(a)4., Florida Statutes, as an unpromulgated rule. Petitioners argue that by altering the form and not filing such form pursuant to Section 120.55(1)(a)4., the form and, therefore, the rule are both invalid.

4. It was stipulated by all parties that all Petitioners had submitted official permits to receive packages as Christmas permits that had been disapproved on various grounds by U.C.I. personnel.

5. On November 3, 1986, an internal memorandum was prepared by Col. Vernon C. Dukes, Chief of Security at U.C.I., to advise the inmate population *at that institution* that Rule 33-3.0045(2)(g), Florida Administrative Code, would be followed in reviewing future package permits. Attached to the memorandum was a copy of Form DC3-302M (8/83) on which certain items had been marked through. The items marked through on that copy of Form DC3-302M (8/83) were marked through by Superintendent Barton during a meeting attended by Mr. Pilcher, Mr. Hicks, Assistant Superintendent Dunning, Col. Dukes, and Superintendent Barton, on or about November 3, 1986. The acts of preparing the memorandum of November 3, 1986, and of marking through certain items on a copy of Form DC3-302M (8/83) were the acts of officers and employees of Union Correctional Institution. Those acts were not actions taken by or at the direction of the Department of Corrections.

6. The items that were struck through on the Form DC3-302M (8/83) were all items that could be purchased at the U.C.I. canteen or that could be ordered from catalogs through the U.C.I. canteen. The full text of the memo posted by Col. Dukes on November 3, 1986 (omitting the formal parts) is as follows:

Effective this date all package permits will be processed in accordance with Department of Corrections Rule 33-3.0045, Package Permits.

252

Previously, items that can be purchased in the Institutional canteen were approved, however, paragraph (g) of the above mentioned rule states that "Items sold in the institution's canteen will not be approved."

7. Col. Dukes' memorandum of November 3, 1986, which was posted with a copy of Form DC3-302M (8/83) on which certain items had been marked through was for the purpose of bringing U.C.I. into compliance with the rule which disallows packages containing items available for purchase in the facility canteen. Compliance with the requirements of the rule was an attempt to control the introduction of contraband into the facility. Immediately prior to the memorandum of November 3, 1986, officials at U.C.I. had been approving package permits that included items that could be purchased at the canteen. The prior approval of such items is in conflict with the clear language of the rule.

8. The amended version of Form DC3-302M (8/83) which was attached to the petitions in this case (a version of the form which includes fewer items than appear on the official form) is *not* a form which has been prepared, promulgated, adopted, or distributed by the Respondent. The amended version of Form DC3-302M (8/83) is an authorized form prepared by someone other than the Respondent. .

9. Rule 33-3.0045, Florida Administrative Code, regulates the process by which inmates may receive packages. Subsection (2)(g) of that rule, which is the portion challenged in this case, reads as follows: "Items sold in the institution's canteen will not be approved."

10. The Department's Policy and Procedure Directive Number 3.04.11, dated 8/23/83, addresses the subject of package permit procedure. Contrary to the assertions of the Petitioners, that directive does not exempt Christmas packages from Rule 33-3.0045(2)(g).

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact and on the applicable legal principles, I make the following conclusions of law.

1. The Division of Administrative Hearings has jurisdiction over the subject matter of and the parties to this proceeding. Sec. 120.56, Fla. Stat.

2. Petitioners are prisoners as defined by Section 944.02(5), Florida Statutes, and are authorized by Section 120.52(11)(d), Florida Statutes, to challenge the validity of existing rules that substantially affect them pursuant to Section 120.56, Florida Statutes. All of the Petitioners in

253

these cases are substantially affected by Rule 33-3.0045(2)(g), Florida Administrative Code, and by Form DC3-302M (8/83), which is used to request package permit approval.

3. Section 944.09, Florida Statutes, provides as follows in pertinent part:

(1) The department shall adopt rules governing the administration of the correctional system and the operation of the department, which rules shall relate to:

(a) The rights of inmates.

\* \* \*

(e) The operation and management of the correctional institution or facility and its personnel and functions.

\* \* \*

(g) Mail to and from the state correctional system.

\* \* \*

(o) Mail to and from inmates.

4. Section 944.47, Florida Statutes, provides as follows, in pertinent part:

(1)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send or attempt to send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to wit:

1. Any written or recorded communication or any currency or coin given or transmitted, or intended to be given or transmitted, to any inmate of any state correctional institution.

2. Any article of food or clothing given or transmitted, or intended to be given or transmitted, to any inmate of any state correctional institution.

3. Any intoxicating beverage or beverage which causes or may cause an intoxicating effect.

4. Any controlled substance as defined in s. 893.02(3) or any prescription or nonprescription drug having a hypnotic, stimulating, or depressing effect.

5. Any firearm or weapon of any kind or any explosive substance.

254

5. The receipt of packages from outside the institution poses a continuing problem in the introduction of contraband to the facility. It is not unreasonable for Respondent to disallow the receipt of items from outside the facility if the allowed items are offered for sale through the facility canteen. The continuing nature of the contraband problem as it relates to packages received from outside the prison facility is illustrated by a review of the findings of fact in *Douglas L. Adams, et al. v. Department of Corrections,* DOAH Case No. 83-3329R, — FALR — (April 23, 1984).

6. Where, as here, the legislature has delegated broad discretionary rule-making authority to an agency, ". . . the validity of regulations promulgated thereunder will be sustained so long as they are reasonably related to the purposes of the enabling legislation and are not arbitrary or capricious. . . ." *Florida Beverage Corporation v. Wynne,* 306 So.2d 200, 202 (Fla. 1st DCA 1974); *General Telephone Company of Florida v. Florida Public Service Commission,* 6 FALR 1016, 1019 (Fla. 1984). Further, where an agency has responded to rule-making incentives and adopted as rules its policy statements of general applicability ". . . [p]ermissible interpretations of statute must and will be sustained, though other interpretations are possible and may even seem preferable according to some views. . . ." *Department of Health and Rehabilitative Services v. Framat Realty, Inc.,* 407 So.2d 238, 242 (Fla. 1st DCA 1981). In light of the broad rule-making authority granted to Respondent by the legislature as hereinabove set forth, and further in light of the absence in this record of any evidence upon which it could be concluded that the challenged rule is either arbitrary or capricious, it is specifically concluded as a matter of law that the challenged rule constitutes a permissible interpretation of Respondent's enabling legislation, and that Petitioners have failed to establish any grounds for holding the challenged rule invalid.

8. Addressing attention now to the amended version of Form DC30302 (8/83), it is first noted that Petitioners offered no evidence that the challenged form was prepared by Respondent, has been introduced for statewide usage, or in fact that the amended form is in use even at U.C.I. No representative of Respondent or of U.C.I. acknowledged that the amended form presented by Petitioners was approved for use.

9. Petitioners' assertion that Respondent has by introduction and implementation of the amended form violated Policy and Procedure Directive Number 3.04.11 dated 8/23/83 is specifically rejected on two grounds: (1) The directive does not exempt Christmas packages from

**255**

Rule 33-3.0045(2)(g), as asserted by Petitioners. The directive does nothing more at paragraph IV.B. than paraphrase the rule provisions which authorize two Christmas package permits in addition to the two regular package permits authorized during the remainder of each calendar year. (2) The directive further states at paragraph VII.G.: "Items sold in Institution Canteen will not be approved on Permit." Consistent with the challenged rule, the directive specifically limits all package permits to items not sold in institution canteens.

10. The evidence has not established any action by Respondent to in any way change its properly promulgated Rule 33-3.0045(2)(g), or Form DC3-302M (8/83). More specifically, Petitioners have failed to establish that the amended form on which this challenge relates is in use at any facility, including Union Correctional Institution.

11. The evidence clearly establishes that the memorandum of Col. Dukes implementing the new, more stringent compliance with the existing rules, and the actions of Superintendent Barton in eliminating from the Package Permit Form certain items sold in the institution canteen, were clearly the actions of the individual institution and not the actions of Respondent. *Department of Corrections v. Adams,* 458 So.2d 354 (Fla. 1st DCA 1984), established the proposition that individual prisons are not agencies and enactments at prison levels are not subject to attack pursuant to Section 120.56, Florida Statutes. The holding in *Adams,* supra, was recently reaffirmed in *Harris v. Department of Corrections,* — So.2d — (Fla. 1st DCA, Case No. H-138, Opinion issued December 2, 1986). In *Harris* the court noted:

In Adams, the court held that individual prisons are not agencies within the meaning of the Administrative Procedure Act, and therefore, regulations promulgated by superintendents of individual prisons do not constitute agency rules subject to Chapter 120, Florida Statutes, requirements.

* * *

Harris' argument that inmates are being disciplined . . . may in fact be a valid complaint. However, his remedy does not lie in a Chapter 120 proceeding. Rather any disagreement Harris or other inmates may have . . . should be reviewed through the normal grievance procedures available through Chapter 33-3.07 of the Florida Administrative Code.

12. In view of the foregoing, the Petitioners have failed in their burden to establish the allegations of their petitions that Respondent has implemented the use of a new form without going through required

256

rule-making procedures and that Rule 33-3.0045(2)(g) is invalid by reason of being arbitrary and capricious. There is no evidence that Respondent has implemented a new form and there is no evidence sufficient to establish that Rule 33-3.0045(2)(g) is arbitrary and capricious.

13. Accordingly, based upon the foregoing Findings of Fact and Conclusions of Law, the relief sought by the Petitioners should be, and the same is hereby, DENIED, and both of the petitions in these consolidated cases are DISMISSED.

DONE AND ORDERED this 12th day of February, 1987, at Tallahassee, Florida.