ZEHMER, Judge.
Douglas L. Adams, a prisoner at Union Correctional Institution, appeals a trial court order summarily denying his challenge to the validity of an internal operating procedure in effect at Union.
On April 1, 1985, Tom Barton, Superintendent of Union Correctional Institution, issued an internal operating procedure (IOP) changing the procedures dealing with inmate television viewing. The IOP limited the number of hours television would be available and set out procedures for selecting programming. Adams filed a suit for declaratory and injunctive relief, alleging that the IOP was an unpromulgated rule under the Administrative Procedure Act and that rule 33-1.007, Florida Administrative Code, is an unconstitutional delegation of legislative authority. The trial court issued an order summarily denying appellant any relief. The order stated that the IOP does not rise to the level of a rule and that appellant has not alleged sufficient facts showing deprivation of a constitutional or statutory right to give him standing to invoke the jurisdiction of the court.
This court has previously held that individual prisons are not administrative agencies and that IOP’s are not rules subject to challenge under section 120.56, Florida Statutes (1985). Department of Corrections v. Holland, 469 So.2d 166 (Fla. 1st DCA 1985); Adams v. Department of Corrections, 469 So.2d 164 (Fla. 1st DCA 1985); Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984); Department of Corrections v. Sumner, 447 So.2d 1388 (Fla. 1st DCA 1984). Thus, the trial court correctly ruled that the IOP could not be challenged as an unpromulgat-ed rule.
An IOP must be based upon an agency policy, preferably policy set by a properly promulgated rule, that provides the “specificity required to constitute a sufficiently narrow basis” for issuance of the IOP. Department of Corrections v. Pic-cirillo, 474 So.2d 1199, 1201 (Fla. 1st DCA 1985) (on rehearing); Department of Corrections v. Adams, 458 So.2d at 356-57. Adams complains that the trial court did not consider this basis for challenge to the IOP. But this issue was not properly before the trial court. Such a challenge can only be made under the administrative grievance procedure, or in an appropriate proceeding challenging the underlying rule under sections 120.54(3), (4), (5), or (9) or section 120.56. § 120.52(11), Fla.Stat. (1985).
Moreover, Adams filed an informal grievance, not a formal grievance or an appeal to the secretary of the Department of Corrections. His grievance was treated as an emergency grievance under rule 33-3.007(16), Florida Administrative Code, and was sent directly to the office of the general counsel for the department. An emergency grievance does not necessarily exhaust an inmate’s administrative remedies. An opinion from the general counsel for the department is not equivalent to a final ruling by the secretary. Thus, Adams has not even exhausted his administrative remedies.
We also agree with the trial court that appellant has not shown that the IOP or underlying rule or policy is unconstitutional.
AFFIRMED.
BOOTH, C.J., and WENTWORTH, J., concur.