SHIVERS, Chief Judge.
Appellant/petitioner appeals the hearing officer’s dismissal of his petition challeng *196 ing certain Department of Corrections rules and directives. We reverse, for the reasons set out below.
The record indicates that appellant, an inmate at Union Correctional Institute, filed a petition on June 6, 1990, seeking an administrative hearing to determine the validity of prison visitation regulations set out in Rules 33-5.008(16) and 33-5.008(8), F.A.C., and Policy and Procedure Directive 3.04.12. Appellee, DOC, filed a motion to dismiss, alleging that Hendrix had failed to establish that he was a “substantially affected individual” under section 120.56, Fla. Stat., that the petition challenged the application of the rules rather than their validity and should therefore have been brought under section 120.57 (from which procedure inmates are barred), and that the petition contained constitutional issues which could not be addressed in an administrative hearing. The motion was granted and the petition dismissed, the hearing officer holding only that the matter should have been resolved through the inmate grievance procedure, rather than through a section 120.56 hearing.
In 1984 and 1985, this court issued a series of opinions in which Florida prison inmates challenged the validity of institutional operating procedures and inter-office memoranda setting out prison regulations. In Florida Department of Corrections v. Adams, 458 So.2d 354 (Fla. 1st DCA 1984), the court held that, since individual prisons were not agencies, enactments at the prison level were not subject to attack under Chapter 120. Rather, inmates had two alternative avenues of recourse: (1) to resolve any disagreements or disputes they might have with the tailoring and implementation of the particular prison procedure through the normal inmate grievance procedure already available; or (2) to challenge either the rule or directive upon which the institutional level regulations were based, pursuant to the rule-making requirements of Chapter 120. See Florida Department of Corrections v. Piccirillo, 474 So.2d 1199 (Fla. 1st DCA 1985). See also Florida Department of Corrections v. Holland, 469 So.2d 166 (Fla. 1st DCA 1985); Adams v. Florida Department of Corrections, 469 So.2d 164 (Fla. 1st DCA 1985); Cribbs v. Florida Department of Corrections, 470 So.2d 757 (Fla. 1st DCA 1985); Adams v. Barton, 507 So.2d 665 (Fla. 1st DCA 1987). In each of the above cases, the court’s holding that the prisoner must utilize the inmate grievance procedure rather than section 120.56, applied to challenges of inter-office memoranda or institutional operating procedures. In none of the cases did the holding apply to challenges of either rules or directives, such as were challenged in the instant case. See Florida Department of Corrections v. Piccirillo and Florida Department of Corrections v. Adams, supra, in which inmates did challenge the validity of either rules or directives pursuant to Chapter 120.
We therefore reverse the order dismissing appellant’s petition on the basis that appellant should have utilized the inmate grievance procedure rather than section 120.56, and remand for the hearing officer to consider the grounds for dismissal which were actually raised in the appellee’s motion to dismiss.
REVERSED and REMANDED.
SMITH and MINER, JJ., concur.