PER CURIAM.
We affirm the orders of the Division of Administrative Hearings on the authority of Harris v. Department of Corrections, 499 So.2d 9 (Fla. 1st DCA 1986) (appellant's remedy lies not in Chapter 120, Florida Statutes, proceeding, but in normal grievance procedures available to inmates). We note that Rule 33-5.006(8), Florida Administrative Code, specifically permits an unmarried inmate like appellant “to have one single non-immediate family member of the opposite sex on the visiting list, after approval” [emphasis added] but does not address the circumstances here, where a married, female lay minister and counselor affiliated with appellant’s church congregation unsuccessfully attempted to be placed on the visiting list. In the final order, DOAH held that its “jurisdiction in this matter is limited to a determination of whether the challenged rules are invalid,” but that it “has no authority over [the Department of Corrections’] application of its interpretation of Rule 33-5.006(8), Florida Administrative Code, to the Petitioner.” Because a section 120.57, Florida Statutes (1991), proceeding is unavailable to inmates, the proper method of redress concerning the Department of Corrections’ interpretation of its visitation rules is in the normal grievance procedures. See Chapter 33-29, Florida Administrative Code.
AFFIRMED.
SHIVERS, MINER and ALLEN, JJ., concur.