ERVIN, Judge.
Inmate Cleophas Alexander appeals an order summarily denying his petition for writ of mandamus relating to a disciplinary action arising from violation of an institutional operating procedure (IOP). We reverse and remand.
Correctional Officer G. Coombs of Lake Correctional Institution alleged that he learned Alexander was operating a business with Jim Munce, an employee of the institution, through the hobby craft program. Coombs stated that Alexander had received $450 from Munce in return for sales of string boats between April 26, 1991 and June 19, 1991. Coombs indicated that Institutional Operating Procedure 91-47, Section IV, Paragraph F(3), provides that inmates shall not earn over $100 per month in sales to employees and the general public. Because Alexander had violated this institutional operating procedure, Coombs filed a disciplinary report, charging Alexander with disobeying institutional regulations.
After conducting several hearings, the disciplinary team concluded that Alexander had committed an infraction of the institutional operating procedure, because the evidence showed that he received a check on June 4, 1991 for $125, and another on June 19, 1991 for $125, thereby exceeding the $100 monthly limit. The team recommended a verbal reprimand, but Alexander asserts in Ms brief, without contradiction, that he also forfeited certain gain time for that month. After exhausting Ms admimstrative remedies, Alexander filed a petition for writ of mandamus in Leon County Circuit Court. After considering the response of the Department of Corrections (DOC) to the order to show cause, the trial court summarily demed Alexander’s petition without an evidentiary hearing. Therefore, the posture of this case is comparable to appellate review of an order granting DOC’s motion for summary judgment. Holcomb v. Department of Corrections, 609 So.2d 751, 753 (Fla. 1st DCA1992).
Alexander raised mne issues in his petition and on appeal, but we address only one, as we consider it dispositive. In Policy and Procedure Directive (PPD) 1.01.05, a document issued by the Secretary of the DOC and attached to DOC’s response to the order to show cause below, subsection (III)(B)(3) thereof provides that “any proposed [operating] procedure which substantially affects the interest of any person including inmates, should be referred to the central office for promulgation as a rule.” Alexander claims that the institutional operating procedure he was disciplined for violating is invalid because it substantially affected his interests, and that it was not referred to the central office for rulemaking; thus, he asserts that he should not have been disciplined for violating it. DOC answers, first, that tMs PPD applies only to procedures that would also be applicable to other institutions in the region, and, second, that Florida Admimstrative Code 33-3.045(9)(d) gives the institution the authority to promulgate institutional operat *335 ing procedures governing the sale of hobby craft items. The trial court concluded that the institutional operating procedure was validly adopted. We disagree.
Nothing in the PPD indicates that it was directed only to procedures that apply to other institutions in the region. On the contrary, (III)(B)(2) specifically states that “Operating Procedures should be issued whenever local instructions that will affect the entire region or institution need to be established.” (Emphasis added.) We consider that any restriction on the amount of income an inmate may receive does “substantially affect the interest” of inmates, thereby requiring rulemaking pursuant to the PPD. Cf. Department of Corrections v. Sumner, 447 So.2d 1388 (Pla. 1st DCA 1984) (inmates were “substantially affected” by a memo limiting prison visits, and even though the memo applied only to the Polk Correctional Institution, it still changed existing policy which was not based on a rule; therefore, it should have been promulgated by rule).
Second, rule 33-3.0045(9)(d) does authorize the superintendent to issue an IOP regarding “sale of hobby craft items.” This provision, however, occurs within a rule involving package permits for mailing purposes. The entire rule outlines procedures and limitations for packages received by inmates, with “package” defined as “any package, parcel or other article addressed to or intended for delivery to an inmate except those consisting exclusively of written, printed or pictorial matter.” (Emphasis added.) Under the clearly expressed language of the above rule, we consider Alexander’s two $125 checks to be “written matter” rather than a “package.”
Moreover, subsection (9) thereof provides that each superintendent
is authorized to issue an institutional operating procedure to effectuate the provisions of this rule. The institutional operating procedure shall not be more restrictive than the provisions of this rule.
(Emphasis added.) A regulation prohibiting an inmate from receiving more than $100 per month from sales of hobby craft items is more restrictive than the other provisions in the rule, as no other provision pertains to receipt of income; instead, most involve the procedure for obtaining permits for the receipt of packages, limits on the contents and numbers of packages received, storage of hobby craft materials received, etc. It does not appear to us that a financial limitation would effectuate any of the rule’s other provisions. See Adams v. Barton, 507 So.2d 665, 666 (Fla. 1st DCA 1987) (“An IOP must be based upon an agency policy, preferably policy set by a properly promulgated rule, that provides ‘the specificity required to constitute a sufficiently narrow basis’ for issuance of the IOP.”)
DOC has cited no other statute, regulation, or policy directive that authorizes institutional operating procedure 91-47. PPD 1.01.-05(III)(B)(3) requires a policy such as this to be established by rule. As no rule was adopted, Alexander could not be disciplined for violating an unauthorized policy directive. In that DOC’s response to this issue involves only an issue of law rather than fact, no evidentiary hearing is required. We therefore reverse the trial court’s denial of Alexander’s petition for writ of mandamus and direct the court to grant the writ with instructions to DOC to vacate and expunge Alexander’s disciplinary violation and to restore all gain time forfeited as a result of the infraction.
REVERSED and REMANDED for further consistent proceedings.
LAWRENCE, J., and SHIVERS, Senior Judge, concur.