PER CURIAM.
Jacob Myers challenges Florida Civil Commitment Center (“FCCC”) policy F-24 as a non-rule policy of the Department of Children and Families. The Administrative Law Judge (“ALJ”) granted respondents’ motion for summary final order before Myers’ time to respond to the motion had lapsed. See § 120.57(l)(b), Fla. Stat. (2005) (“All parties shall have an opportunity to respond, to present evidence, and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence, to submit proposed findings of facts and orders.... ”). As a result *727 of the premature dismissal, the ALJ failed to consider Myers’ argument that policy F-24 is a de facto agency rule that has not been adopted under the proper rulemaking procedures of section 120.54(l)(a). See § 120.56(4), Fla. Stat. (2005). Because Myers presented a prima facie challenge alleging policy F-24 to be a non-rule policy, pursuant to section 120.56(4), Florida Statutes, we reverse and remand for further proceedings on Myers’ petition. We do, however, affirm the ALJ’s dismissal of all respondents other than the Department of Children and Families. See Dep’t of Corrs. v. Adams, 458 So.2d 354, 356 (Fla. 1st DCA 1984) (explaining that individual facilities acting under agency guidance are not themselves “agencies” for purposes of the Administrative Procedure Act); see also § 394.930, Fla. Stat. (2005) (granting the Department of Children and Families sole authority to adopt rules to give effect to the provisions of the Jimmy Ryce Act).
AFFIRMED in part; REVERSED and REMANDED in part.
ALLEN, KAHN, and DAVIS, JJ., concur.