447 So.2d 1388 (1984)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
Roy H. SUMNER, et al., Appellees.
No. AM-256.
District Court of Appeal of Florida, First District.
March 22, 1984.
Jim Smith, Atty. Gen., and Harry F. Chiles, Asst. Atty. Gen., Tallahassee, for appellant.
Roy H. Sumner, pro se, for appellees.
PER CURIAM.
Appellees, inmates at Polk Correctional Institution at the time of the proceedings *1389 below, filed a "petition for administrative determination" pursuant to Section 120.56, Florida Statutes, seeking a determination that an interoffice memorandum issued by the Superintendent of Polk Correctional Institution was an improperly promulgated rule, thus constituting an invalid exercise of delegated legislative authority. The interoffice memorandum or directive, which applied only within Polk Correctional Institution, provided that:
EFFECTIVE SATURDAY, MARCH 6, 1982, INMATES WILL NO LONGER BE PERMITTED TO RECEIVE VISITORS ON BOTH SATURDAY AND SUNDAY OF THE SAME WEEK.
VISITING POLICY IN THE PAST HAS PERMITTED INMATES TO RECEIVE VISITS ON BOTH SATURDAY AND SUNDAY OF THE SAME WEEK, BUT NOT FROM THE SAME VISITOR. THIS CHANGE MEANS THAT YOU MUST RECEIVE ALL YOUR VISITORS ON EITHER SATURDAY OR SUNDAY. IF YOUR [sic] RECEIVE A VISIT ON SATURDAY, YOU WILL NOT BE PERMITTED TO RECEIVE ANOTHER VISIT ON SUNDAY.
THIS CHANGE IN VISITING PROCEDURE WILL HELP ALLEVIATE THE OVERCROWDED SITUATION IN THE VISITOR'S PARK AND ALLOW YOU AND YOUR FAMILY TO VISIT TOGETHER MORE COMFORTABLY.
Said memorandum was promulgated without published notice and without any opportunity accorded members of the public and affected persons to be heard because the Superintendent did not consider it a rule but rather authorized under the provisions of Section 945.21, Florida Statutes,[1] Department of Corrections Rule 33-5.01, Florida Administrative Code, and Department of Corrections "Policy and Procedure Directive" Number 3.04.12, issued April 8, 1981.
Rule 33-5.01, Florida Administrative Code, states that:
The secretary shall authorize each Superintendent to adopt policies stating the conditions and circumstances under which visits may be conducted including: the regular visiting hours of the institution; the items which visitors may take in or out of an institution, and what items are contraband; what persons or groups may visit, and in what numbers; and the specific standards of conduct which shall prevail during such visits. All visiting policies promulgated by the Superintendents shall be subject to approval by the Secretary.
Pertinent provisions of the afore-stated policy directive, Policy and Procedure Directive 3.04.12, at paragraph V.A. 1 and paragraph V.B., respectively, are as follows:
Visiting days shall normally be designated as Saturday and Sunday between the hours of 9:00 a.m. and 3:00 p.m. Where unusual circumstances occur, additional days may be designated for visiting. Institutions are authorized to restrict visiting to one of these days; or when facilities permit, visiting may be permitted more than one day.
There is no limit on the number of individuals that may visit an inmate on any particular visiting day other than those restrictions imposed regarding limited space at each institution. Each institution is authorized to place a limitation when physical facilities are restrictive. *1390 However, reasonableness should be exercised when possible in regard to the number of visitors that would be permitted. Those institutions restricting visits to either Saturday or Sunday, but not both, may permit special exception in the case of those individuals that have traveled a significant distance, especially when such visits are on an infrequent basis.
The hearing officer found that Directive Number 3.04.12, which was not adopted as a rule, appears to have been promulgated on authority of Department of Corrections Rules 33-4.02(8), 33-3.05, and 33-5,[2] Florida Administrative Code, none of which set out visiting conditions with the specificity found in the directive.
The Department of Corrections challenged appellees' petition on the grounds, among others, that appellees had no standing to challenge the invalidity of the alleged "rule" because they are not substantially affected parties; that Polk Correctional Institution is not, in and of itself, an agency; and that the memorandum is not a rule since it is not applicable agency wide but only within the confines of the institution.
Addressing each of the Department's afore-stated contentions respectively, the hearing officer found and concluded, in pertinent part, as follows:
1... . The memorandum applies to each of the petitioners. The memorandum substantially limits the number of visits that each of the petitioners is able to enjoy. But for the memorandum, each of the petitioners would be likely, on occasion, to have more visitors than allowed under the February 18, 1982 memorandum. Each of the petitioners is therefore substantially affected by the memorandum and has standing to maintain this proceeding.
2... . Section 120.52(1)(d), Florida Statutes, defines "agency" to include:
Each other state office and each state department, departmental unit described in Section 20.04, commission, regional planning agency, board, district, and authority ...
The definition is broad enough to encompass Polk Correctional Institution as a unit of the Department of Corrections. To the extent that Polk Correctional Institution is not such a departmental unit, however, the February 18, 1982 memorandum should nonetheless be construed as having been adopted by an "agency" because the superintendent's authority to adopt it has been expressly delegated to the superintendent by the agency head of the Department of Corrections. Department of Corrections Rule 33-5.01, Florida Administrative Code.

3... . While the policy memorandum clearly does not have department-wide or state-wide applicability, it does apply to a broad class of persons: all inmates at Polk Correctional Institution. Furthermore, it applies to future occurrences and establishes new policies that will govern future occurrences rather than resolving an occurrence that occurred in the past. The issue of whether a given action constitutes an order or a rule is analogous to the determination of whether a given action constitutes a "judicial inquiry" or a legislative one, a distinction discussed by Justice Holmes in Prentis v. Atlantic Coastline Company, 211 U.S. 210, 226 [29 S.Ct. 67, 69, 53 L.Ed. 150] (1908):
A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is the purpose and end. Legislation, on the other hand, looks to the *1391 future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power.
The superintendent's memorandum applies to everyone subject to the superintendent's power. It applies to future not past occurrences, and establishes a new policy to be followed in the future. Its applicability is thus general, and it constitutes a rule within the meaning of Section 120.52(14), Florida Statutes.

The hearing officer further found that:
4... . Section 945.21(1)(i), Florida Statutes, specifically authorizes the Department of Corrections to adopt and promulgate regulations relating to visiting hours and privileges. The Department has sought to satisfy this invitation by adopting a rule which authorizes each prison superintendent to adopt "policies" stating the conditions and circumstances for visits. Department of Corrections Rule 33-5.01, Florida Administrative Code. The Department has more explicitly set guidelines for superintendents to follow through its Policy and Procedure Directive Number 3.04.12. This latter directive, however, was not promulgated as a rule. The superintendent's memorandum comports with the policies set out in the Department's Policy and Procedure Directive. Both the memorandum and the Policy and Procedure Directive constitute agency statements of general applicability that implement policy. They thus constitute rules within the meaning of the Administrative Procedure Act. Section 120.52(14), Florida Statutes. The Department has sought to satisfy its responsibility to promulgate its policies as rules by entitling them "policy and procedure directives" or by delegating responsibility to prison superintendents. The labeling and the delegation do not, however, change the facts that the policies are rules and that rulemaking procedures and requirements were ignored.
Based upon the afore-quoted rationale, the hearing officer concluded, in his final order of May 5, 1982, that the Superintendent's memorandum constituted an invalid exercise of delegated legislative authority. From that order, the Department of Corrections has appealed.
We conclude[3] that the hearing officer correctly determined that the inmates were substantially affected persons and that the cause involved an invalid exercise of delegated authority because the Department of Corrections failed to promulgate its Policy and Procedure Directive Number 3.04.12 as a rule, contrary to the requirements of Section 945.21, Florida Statutes.
In so concluding, we note that Rule 33-1.07(4), as amended July 29, 1981, provides that:
(4) Any material contained in such Directives and Operating Procedures that meets the definition of "rule" contained in Section 120.52(14), Florida Statutes, shall be promulgated as a rule of the Department, unless specifically exempted by Florida Statute.
The amended version both clarifies the prior version of the rule[4] and supports the holding herein.
Accordingly, because neither the Department of Corrections' Directive No. 3.04.12, *1392 upon which Polk Correctional Institution's own directive or interoffice memorandum was based, nor that institution's own directive, was adopted as a rule, we affirm the order of the hearing officer entered May 5, 1982.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Section 945.21, Florida Statutes, provides, in pertinent part, as follows:

(1) The department is authorized to adopt and promulgate regulations governing the administration of the correctional system and the operation of the department. In addition to specific subjects otherwise provided for herein, regulations of the department may relate to:
... .
(i) Visiting hours and privileges.
... .
(2) Regulations of the department shall be adopted and filed with the Department of State as provided in chapter 120.
[2] Chapter 33-5, Florida Administrative Code, concerns itself with the issue of visitors at the institution and is broken down into nine subheadings, 33-5.01 to 33-5.09, namely, Authority of the Secretary, Posting of Visiting Policies, Visiting Records, Inmates in Special Status, Refusal of Visit by Inmate, Inmate's Visitors List, Visitation Denial, Visiting Procedures, and Type of Visitors, respectively.
[3] For the purpose of this decision, it is unnecessary to decide whether Polk Correctional Institution is in itself an agency for Administrative Procedure Act purposes.
[4] At the time the Department of Corrections issued its policy directive, Rule 33-1.07 provided as follows:

(1) The Secretary may issue Policy and Procedure Directives applicable to operations throughout the Department.
(2) A Regional Director may issue Regional Operating Procedures, consistent with Rules and Directives, applicable to operations throughout the Region.
(3) A Superintendent of an institution may issue Institutional Operating Procedures, consistent with Rules, Directives, and Regional Operating Procedures, applicable to operations within the institution.
(4) Such Directives and Operating Procedures shall be written statements of policy and procedure which implement or supplement rules of the Department or higher level Directives or Operating Procedures. Subject to the provisions of Chapter 120, Florida Statutes, they shall be fully binding on all persons to whom they apply.