574 So.2d 170 (1991)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellant,
v.
MARTIN COUNTY LIQUORS, INC., Appellee.
MARTIN COUNTY LIQUORS, INC., d/b/a Martin County Liquors, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
Nos. 88-2902, 89-2231.
District Court of Appeal of Florida, First District.
January 15, 1991.
Rehearing sought and Denied February 21, 1991.
*171 Katherine A. Emrich, Asst. General Counsel, Dept. of Business Regulation, for appellant in Case No. 88-2902.
J. Stanley Chapman and H.F. Rick Mann of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellee in Case No. 88-2902 and appellant in Case No. 89-2231.
Harry Hooper, Deputy Counsel, Dept. of Business Regulation, Tallahassee, for appellee in Case No. 88-2902.
Rehearing sought and Denied in 89-2231 February 21, 1991.
NIMMONS, Judge.
In case number 88-2902, appellant, Department of Business Regulation, Division of Alcoholic Beverages and Tobacco ("DABT"), appeals from the hearing officer's *172 final order in a Section 120.56, Florida Statutes (1987), rule challenge in which the hearing officer found the Department's requirements that applicants for quota liquor licenses provide documentation supporting financial arrangements and demonstrate a "right of occupancy" are an invalid exercise of delegated legislative authority. The Department also appeals the finding that Section 302 of the DABT's standardized policy and procedure defining what constitutes a completed application is an invalid exercise of delegated legislative authority.
In case number 89-2231, appellant, Martin County Liquors, Inc., appeals from a final order of the DABT following a Section 120.57 formal hearing in which the DABT adopted in toto the hearing officer's recommended order wherein the hearing officer found the Department's disapproval of the application for a quota liquor license was proper.
We have elected to consolidate these two cases for purpose of this opinion since they are based on the same set of facts. We affirm in both cases.
In September, 1984, a drawing for quota liquor licenses was held by the DABT. Alcoholic beverage licenses are issued according to a double random lottery-type drawing that is based on increases in county population. Applicants are ranked in numerical order, and if they do not qualify, runners-up are entitled to apply for a "quota" license. Quota licenses are more valuable than ordinary beverage licenses, are limited in number, and permit the sale of all types of alcoholic beverages regardless of the type of business.
John H. Michaels was selected in the September drawing for an available liquor license in Martin County, Florida. In a notification letter sent by the DABT, Michaels was instructed to "file a full and complete application within 45 days" of the date the letter was sent. The letter indicated a completed application should include the location of the business and zoning approval. Michaels was to contact the district office for forms and instructions. The forms referred to were DBR 700L (Application for Alcoholic Beverage License) and DBR 710L (Personal Questionnaire). Failure to comply would be deemed by DABT to be a waiver of his right to file for the new quota license.
Michaels, through his wholly owned corporation, Martin County Liquors, Inc., submitted his application in timely fashion. However, it was incomplete, as it lacked a business location, zoning approval, right of occupancy information, documentation regarding the commercial loan listed, or a sketch of the licensed premises. At the same time the application was submitted, a 45-day extension to obtain a properly zoned business location was requested and granted.
A second 45-day extension was requested one day before the first extension expired. This second request was denied. Martin County Liquors, Inc. nevertheless attempted to supplement its application. It submitted an application which included a business location, zoning approval, and a sketch of the licensed premises. The DABT denied the application because the "application [is] incomplete in that applicant has failed to file a right of occupancy for a specific location within the extended period as granted by the agency. Also, applicant has failed to provide complete verification of his financial investment," citing Section 561.18, Florida Statutes.
The denial of the license was challenged in the Section 120.57 proceeding referred to above. In her recommended order, the hearing officer found the second extension requested did not address any new matters or explain why the previous 45-day extension was insufficient. In her conclusions of law, the hearing officer found the second extension request did not show a good faith attempt to comply with the first extension deadline, and that Martin County Liquors, Inc. could not qualify for a license because it did not submit a location as part of its application, thus waiving its right to file for a quota license. As earlier noted, the recommended order was adopted by the DABT. This gave rise to the appeal by Martin County Liquors, Inc. in case number 89-2231.
*173 Following the conclusion of the 120.57 formal hearing, Martin County Liquors, Inc. filed a petition challenging the validity of DBR 700L and DBR 710L since they were not filed with the Office of the Secretary of State, as well as the validity of Section 302 of the Division's policy and procedures manual since it constituted a rule and was not properly promulgated as such. A formal hearing was conducted and the hearing officer concluded that application form DBR 700L was an unpromulgated rule because the DABT failed to file a copy with the Secretary of State, and thus the requirements the form purports to impose of documentation of financial arrangements and right of occupancy information are an invalid exercise of delegated legislative authority. He also found that the DABT policy statement in Section 302 of their manual defining complete and incomplete license applications was an invalid exercise of delegated legislative authority. Appeal by the DABT followed in case number 88-2902.
The DABT asserts that Martin County Liquors, Inc. does not have standing to maintain the rule challenge proceeding because it suffered no injury. We disagree with the Division's contention and hold that the appellee has demonstrated a direct injury in fact of sufficient immediacy and reality and is continuing to suffer adverse effects. Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978); Professional Firefighters of Florida, Inc. v. Department of Health and Rehabilitative Services, State of Florida, 396 So.2d 1194 (Fla. 1st DCA 1981).
Under Section 120.52(16), Florida Statutes (1987), "rule" is defined as:
... each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule.
Under Section 120.52(8)(a), Florida Statutes (1987), a proposed or existing rule is an invalid exercise of delegated legislative authority if:
(a) The agency has materially failed to follow the applicable rulemaking procedures set forth in s. 120.54.
It is undisputed that copies of DABT's application forms, particularly DBR 700L, were not filed with the Office of the Secretary of State, and thus violated Section 120.54, Florida Statutes (1987), regarding adoption procedures.
DBR 700L, the application for an alcoholic beverage license, requires an applicant to complete a section entitled "4. Right of Occupancy." This section asks eight questions which can be answered yes or no regarding the type of business premises, its location and ownership. The applicant is also required to submit information regarding any rental, lease or sublease agreements for the premises at which the quota license will be utilized. Furthermore, under Section III of the form the applicant must answer questions about the business and submit copies of agreements and documentation to support the financial arrangements.
Section 561.18, Florida Statutes (1987), gives the DABT the authority to investigate applications both as to the qualifications of applicants and as to the premises and location to be licensed. However, there is no specific authority explicitly requiring an applicant to provide right of occupancy information or submit documentation supporting financial arrangements. However, as the hearing officer found, and we agree, those requirements could be adopted by rules or forms promulgated according to the APA.
Therefore, since the requirements that an applicant file right of occupancy information and submit documentation verifying any financial arrangements in DBR 700L meet the definition of a rule under Section 120.52(16), and DBR 700L was not filed with the Secretary of State, violating Section 120.54, Florida Statutes (1987), the hearing officer's final order finding DBR *174 700L an invalid exercise of delegated legislative authority must be affirmed.
According to Section 120.52(16)(a), a rule is not:
(a) Internal management memoranda which do not affect either the private interests of any person or any plan or procedure important to the public and which have no application outside the agency issuing the memorandum.
Section 302 of the DABT's standardized policies and procedures, states that "in order to be eligible to receive a temporary or permanent alcoholic beverage license the applicant must file a completed application." Further, the policy states "The DBR 700L must be complete... . Also, any agreements or financial documentation which are required as attachments as a result of the completion of Section III of the DBR 700L application for alcoholic beverage license must also be furnished." The stated purpose of the policy is to establish a "standardized policy and procedure to be followed by all field offices in connection with the definition of a completed application."
Applications for quota liquor licenses are initially approved or disapproved based on the requirements established in the DABT's policy Section 302. No other standard definition of a completed application exists, and it is to be applied uniformly and generally to the public at large. It clearly does not fall within the exceptions under Section 120.52(16)(a). Thus, we find the DABT's assertion that Section 302 was irrelevant to their denial of Martin County Liquor's application because their field office accepted the incomplete application to be without merit. The DABT's policy Section 302 meets the definition of a rule pursuant to Section 120.52(16), and because it was not promulgated as such, it constitutes an invalid exercise of delegated legislative authority.
Because they were not properly promulgated as rules, the application form, DBR 700L, and policy Section 302 will become void and ineffective as of the date the decision of this court becomes final. Board of Optometry v. Florida Society of Ophthalmology, 538 So.2d 878 (Fla. 1st DCA 1988).
We next turn to Martin County Liquors, Inc.'s appeal of the final order rendered after the Section 120.57 hearing upholding the disapproval of its application based on its failure to provide a proper business location. The standard of review when determining whether the disapproval of a quota liquor license was proper when based on the Division's interpretation of a rule is whether the action is arbitrary, capricious or not in compliance with Section 561.19, Florida Statutes (1987). Meridian, Inc. v. Department of Health and Rehabilitative Services, 548 So.2d 1169 (Fla. 1st DCA 1989).
Section 561.19(2) provides in pertinent part:
[I]f an applicant is found qualified as provided by the Beverage Law, a license shall be granted. However, it shall not be issued until and unless the applicant establishes to the satisfaction of the director that the premises to be licensed qualify under the Beverage Law.
Rule 7A-2.017(6), Florida Administrative Code (1983)[1] sets forth more specific procedures for obtaining a quota liquor license. It provides:
All applicants ... shall file a full and complete application for an alcoholic beverage license, following their selection in the drawing. Such applications are available in the District Field Office having jurisdiction over such county and must be filed within 45 days of the date of their selection. Failure to file an application within such 45-day period shall be deemed a waiver of the applicant's right to file for a quota liquor license.
The appellant, Martin County Liquors, Inc., asserts that the above quoted Section 561.19(2) mandates a three-step process for issuing quota liquor licenses: the initial application is filed, the applicant qualifies at which time a license shall be *175 granted, and the business premises is approved at which time the license shall be issued. The appellant's argument is that the license should be granted as soon as the applicant qualifies which would still enable the DABT to grant or deny the license within 180 days required pursuant to Section 561.19(4) and issue the license after the business location has been approved.
We reject the appellant's contentions. It is a well-settled principle that agencies have broad discretion to construe governing statutes and that construction is persuasive unless clearly erroneous. E.g. Department of Environmental Regulation v. Goldring, 477 So.2d 532 (Fla. 1985). The Chief of the Bureau of Licensing testified at the hearing that without a complete application, it is difficult to investigate the applicant or his application, especially when accepted in a piecemeal fashion. The DABT has construed the statute to mean that an applicant should qualify both individually and as to the business premises before a license will be issued. This is neither arbitrary nor capricious since a license will not be issued if the business premises does not qualify under either interpretation. Further, since there are only 180 days for the Division to investigate all applications, its requirement that applicants submit a business location with their application is neither arbitrary nor capricious.
Martin County Liquors, Inc. contends the Division abused its discretion in denying its license application. We disagree. Agencies have broad discretionary authority to issue licenses especially when the operation of that license is deemed a privilege rather than a right, as in liquor licenses. Astral Liquors, Inc. v. Department of Business Regulation, 463 So.2d 1130 (Fla. 1985).
The hearing officer found that the DABT acted in accordance with the law when it denied the application for failure to file a right of occupancy for a specific location. Given the broad discretion afforded agencies regulating licensure, and the reasonableness of the requirement that a business premises be approved before a license will be issued, the DABT did not abuse its discretion.
As the hearing officer found, an incomplete application was submitted and a 45-day extension was granted to obtain a properly zoned business location. A complete application was not submitted within the extended deadline; instead, the applicant requested another extension without demonstrating a good faith attempt to comply with the first extension. The DABT disapproved Martin County Liquor's application as submitted because it was incomplete and failed to state a specific location or financial documentation. This was reasonable and entirely within the agency's discretion.
Martin County Liquors, Inc. also argues that the DABT's exercise of discretion was inconsistent because other applicants attempting to obtain quota liquor licenses were given additional opportunity to amend or supplement their original applications in order to meet the requirements necessary to be issued a license. However, we agree with the hearing officer's rejection of appellant's assertion of inconsistent application of the rules as irrelevant. Competent substantial evidence supports the hearing officer's findings that the applicant was given additional time to complete the application and document a business premises. Martin County was unable to submit a completed application within the extended deadline and could not demonstrate that a good faith effort had been made to comply. Therefore, because the applicant did not demonstrate a properly zoned business location as required by the rule and the statute, it was not entitled to a quota liquor license, and its application was properly denied.
Accordingly, the final orders in these consolidated cases are AFFIRMED.
BOOTH and ALLEN, JJ., concur.
NOTES
[1] We are assuming that Rule 7A-2.017 is valid since it was not found to be invalid by the hearing officer in either case, and neither party urges on appeal its invalidity.