575 So.2d 1333 (1991)
Mike RAMADANOVIC, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. 90-2257.
District Court of Appeal of Florida, First District.
February 22, 1991.
Mike Ramadanovic, appellant pro se.
Robert A. Butterworth, Atty. Gen. and Linda B. Miles, Asst. Atty. Gen., Tallahassee, for appellee.
*1334 JOANOS, Judge.
Mike Ramadanovic has appealed the dismissal of his petition, pursuant to section 120.56(1), Florida Statutes (1989), which sought a determination that certain administrative rules constituted an invalid exercise of delegated legislative authority. We reverse, and remand for further consideration of the petition.
Section 120.56(1) provides that "[a]ny person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority." Section 120.56(2) goes on to state that the petition must be in writing, and "state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule and facts sufficient to show the invalidity of the rule." Finally, section 120.52(8)(d) provides that "[a] proposed or existing rule is an invalid delegation of legislative authority if ... the rule is vague, fails to establish adequate standards for agency decisions, or vests unbridled discretion in the agency."
On June 14, 1990, as required by section 120.56(2), Ramadanovic filed the instant petition with the Division of Administrative Hearings, challenging Rules 33-3.005(4)(a) and (b), and 33-3.0084(1)(i)1, Florida Administrative Code. Rule 33-3.005(4)(a) and (b) provides:
Inmates in disciplinary confinement status shall not be allowed to prepare legal documents and legal mail while in that status except under the following conditions:
(a) When there is a time limitation on the filing of legal material with a court and it reasonably appears necessary for the inmate to prepare the same while in confinement status in order to get the same filed within the required time.
(b) When the inmate wishes to prepare legal material to file with a court for the purpose of testing the legality of his disciplinary confinement.
Rule 33-3.0084(1)(i)1 provides:
Legal Access. Legal material shall be accessible to inmates in disciplinary confinement provided such use of legal material is for the purpose of challenging such confinement or in the event there are time restrictions on filing court papers.
Ramadanovic alleged first that he had been in disciplinary confinement at Florida State Prison for one month, with three months further confinement anticipated, and that he had had legal papers, files, etc., confiscated pursuant to the challenged rules. The petition further alleged that those rules were being applied by prison officials in such a manner as to deny meaningful access to the courts.
Specifically, the petition alleged that: 1) when an inmate in disciplinary confinement stated that time restrictions required preparation of legal documents, officials required him to produce a court order setting forth those restrictions, even if they were established by procedural rules, and 2) even if an order was produced, officials exercised unbridled discretion in deciding which materials were "necessary" for preparation of the required legal documents. Ramadanovic contended that these facts demonstrated that the rules were an invalid exercise of delegated legislative authority, in that they were vague, provided inadequate standards to the agency, and vested unbridled discretion in the agency. See § 120.52(8)(d), Fla. Stat. (1989).
Section 120.56(2) provides that "[t]he petition shall be filed with the division [of administrative hearings]... . Within 10 days after receiving the petition, the division director shall, if he determines that the petition complies with the above requirements [in writing, and stating with particularity facts sufficient to show the person seeking relief is substantially affected by the rule and facts sufficient to show the invalidity of the rule], assign a hearing officer who shall conduct a hearing within 30 days thereafter, unless the petition is withdrawn" (emphasis supplied). On July 5, 1990, the Division Director entered an order dismissing Ramadanovic's petition. The order read, in part: "Having *1335 carefully examined the petition, it appears that it does not comply with § 120.56. The petitioner objects to the application of the rule to his particular situation. Since a 120.57(1) proceeding is not available in this case, the Petition is dismissed."
We address first the initial sentences quoted above, wherein the Division Director appears to state that Ramadanovic's petition does not comply with section 120.56 in that he objected to the application of the rule to his particular situation. However, a petitioner under this section is required to "state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule." § 120.56(2), Fla. Stat. (1989) (emphasis supplied). Here, the challenged rules restrict access to legal materials to be afforded inmates in disciplinary confinement. Ramadanovic simply alleged that he was in such confinement, and that the rules had been applied to deprive him of legal materials. This appears to be no more than he must allege to meet the requirements of section 120.56(2).
The final sentence of the decretal portion of the order states that, "Since a 120.57(1) proceeding is not available in this case, the Petition is dismissed." This is presumably a reference to section 120.52(12)(d), the gist of which is that inmates may not be parties in section 120.57 proceedings. While the order may reflect a finding that Ramadanovic was attempting to file a section 120.57 action in the guise of a 120.56 rule challenge, this is not at all clear, especially in light of the finding that the petition was being dismissed for failure to comply with section 120.56.
Section 120.68(1) provides that "[a] party who is adversely affected by final agency action is entitled to judicial review." Because the order herein appealed is so unclear as to the grounds for the director's dismissal of the petition, we find that the review to which Ramadanovic is entitled is impossible. Section 120.68(13)(a)1. states that this court "shall provide whatever relief is appropriate," including "remand[ing] the case for further agency proceedings." We reverse the order appealed, and remand either for entry of an order stating with specificity grounds warranting dismissal of Ramadanovic's petition, or for further proceedings on the petition pursuant to section 120.56(2).
Reversed and remanded with directions.
ZEHMER, J., and CAWTHON, VICTOR M., Senior Judge, concur.