SHIVERS, Judge.
The Florida Department of Corrections [“Department”], Respondent below, appealed a final order following a section 120.56, Florida Statutes (1991), proceeding, in which the hearing officer held invalid two administrative rules that limit a prison inmate’s access to legal documents and to other legal materials while the inmate is in disciplinary confinement. Appellees Van Poyck and Ramadanovic, Petitioners below, who are prison inmates currently, do not dispute the finding of an invalid exercise of delegated legislative authority. However, they cross-appealed the portion of the final order that had rejected their challenge to the rules pursuant to section 120.52(8)(d), Florida Statutes (1991). Because we conclude that Appellees failed to demonstrate the prerequisites for standing, in the original proceeding, to challenge the alleged invalid rules governing inmates in disciplinary confinement, we must also set aside the final order in accordance with the review provisions of section 120.68(9), Florida Statutes (1991). LeDew v. Unemployment Appeals Comm’n, 456 So.2d 1219, 1221-22 (Fla. 1st DCA 1984). We reverse the final order, on the authority of Florida Dep’t of Offender Rehab. v. Jerry, 353 So.2d 1230 (1st DCA), cert. den., 359 So.2d 1215 (Fla.1978) (inmate failed to meet threshold requirement of standing by failing to show injury accompanied by continuing present adverse effects). Because Van Poyck and Ramadanovic lacked standing below to challenge the rules, we need not address the primary questions raised concerning the validity of the rules. Jerry, 353 So.2d at 1232. In light of our disposition of the *1334 Department’s appeal on the issue of standing, we cannot review Van Poyck’s and Ramadanovic’s cross-appeals concerning the same rules.
Appellees challenged Rules 33-8.0084(1X01 and 33-3.005(4), Florida Administrative Code, in their petitions for administrative determination. The dismissals of the two petitions were appealed separately, and the orders were reversed and remanded, either for entry of an order specifically stating grounds warranting dismissal or for further proceedings on the petitions pursuant to section 120.56(2). See Van Poyck v. Fla. Dep’t of Corrections, 580 So.2d 319 (Fla. 1st DCA 1991); Ramadanovic v. Dep’t of Corrections, 575 So.2d 1333, 1335 (Fla. 1st DCA 1991). Eventually, Appellees’ cases were consolidated by the hearing officer. Rule 33-3.0084(l)(i)l covers disciplinary confinement and states:
(1) Confinement Facilities and Conditions.
⅜ * ⅜ 5⅜ ⅜
(i) Legal Access.
1. Legal material shall be accessible to inmates in disciplinary confinement provided such use of legal material is for the purpose of challenging such confinement or in the event there are time restrictions on filing court papers.
Rule 33-3.005(4) deals with legal documents and legal and privileged mail and provides:
(4) Preparation of legal document and legal mail shall only be permitted during inmate’s off duty time. If a separate area is designated, it must be available for use a reasonable number of hours each week and inmates shall be allowed to go to such place during scheduled periods as soon as practicable after receipt of their request to do so.
Inmates in disciplinary confinement status shall not be allowed to prepare legal documents and legal mail while in that status except under the following conditions:
(a) When there is a time limitation on the filing of legal material with a court and it reasonably appears necessary for the inmate to prepare the same while in confinement status in order to get the same filed within the required time.
(b) When the inmate wishes to prepare legal material to file with a court for the purpose of testing the legality of his disciplinary confinement.
Section 120.56(1), Florida Statutes (1991), provides that “[a]ny person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority.” Subsection (2) of that statute requires the written petition to “state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule and facts sufficient to show the invalidity of the rule.”
Regarding the threshold issue of Appel-lees’ standing as petitioners, the final order includes these findings of fact: 1) Appel-lees are inmates in the Department’s custody. 2) Appellees are subject to the Department’s rules. 3) The rules at issue govern the treatment of inmates while in disciplinary confinement. 4) At the time of the formal hearing, neither Appellee was in disciplinary confinement. These findings are supported by competent substantial evidence. Section 120.68(10), Florida Statutes (1991). Pursuant to Rule 33-22.002(3), Florida Administrative Code, “disciplinary confinement” is “[cjonfinement which includes the loss of privileges normally afforded other inmates and is effected only after procedures outlined in this chapter have been fully complied with.” The hearing officer concluded, as a matter of law, that “Petitioners have standing to institute the instant action. They are incarcerated by the Respondent and subject to the rules of the Respondent, including the rules at issue in this proceeding. See Department of Corrections v. Sumner, 447 So.2d 1388 (Fla. 1st DCA 1984).” Having reviewed the final order, the evidence presented at the hearing, and related documents including the petitions, we must set aside the final order because Van Poyck and Rama-danovic failed to meet the statutory and decisional requirements for standing below to challenge the administrative rules at is *1335 sue. Section 120.68(9), Florida Statutes (1991).
In Sumner, the appellees were prison inmates who had petitioned for a section 120.56 determination of whether an interoffice memorandum issued by the prison’s superintendent was invalid. The directive had provided that, effective as of a certain date, inmates would no longer be permitted to receive visitors on both Saturday and Sunday of the same week. The Department challenged the petition on the ground that the appellees had no standing to challenge the rule because they were not “substantially affected parties.” The hearing officer decided in favor of the inmates on the issue of standing and held that the cause involved an invalid exercise of delegated legislative authority. We affirmed the final order. Id. at 1391-92.
In contrast to the inmates in Sumner, however, Van Poyck and Ramadanovic have not demonstrated that they sustained, or are in immediate danger of sustaining, some direct injury as a result of the challenged rules. See O’Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974) (plaintiffs in class action against law enforcement officers for injunctive relief failed to show direct injury from alleged patterns of conduct in the administration of criminal justice). The Court in O’Shea stated that, although counsel during argument said that some of the plaintiffs had suffered from past unconstitutional treatment, such prior exposure to illegal conduct will not of itself demonstrate the requisite present case for injunctive relief, absent ongoing adverse effects. 414 U.S. at 495-96, 94 S.Ct. at 676; Jerry, 353 So.2d at 1235.
The effect of the superintendent’s pronouncement in Sumner was felt almost immediately, and the change in prison policy had an actual injurious impact upon the entire inmate population. Thus, the inmates there were substantially affected by the agency’s action. 447 So.2d at 1391. See Professional Firefighters of Fla., Inc. v. Dep’t of Health & Rehab. Serv., 396 So.2d 1194 (Fla. 1st DCA 1981) (reversing order that had dismissed association’s petition for lack of standing, where the challenged departmental rules regulating the licensing of paramedics substantially affected individual members of the association by rendering their continued employment as paramedics unlawful without compliance with licensing requirements).
The case sub judice is more similar to Jerry, 353 So.2d at 1230, where the inmate petitioner challenged the administrative rule setting forth the procedure by which an inmate is subjected to disciplinary confinement and forfeiture of gain-time. Like Appellees, the petitioner in Jerry had been in disciplinary confinement in the past but no longer remained in that status when the hearing was held. In Jerry, we determined that the hearing examiner never should have reached the merits of the rule invalidity issue because the petitioner had failed to meet the threshold requirement of standing. Id. at 1232. We based our holding on O’Shea and other decisions requiring that the injury or threat of injury be real and immediate rather than conjectural or hypothetical. The order was reversed, because Jerry had failed to demonstrate, at either the time of filing the petition or the time of the hearing, that his existing prison sentence had been subjected to loss of gain-time, or that he otherwise had sustained any injury accompanied by “continuing, present adverse effects.” Id. at 1235-36. Just as Jerry failed to show a loss of gain-time, Van Poyck and Ramadanovic failed to show any direct and specific injury with a continuing present adverse effect, such as the prevention of their filing any new litigation, the missing of deadlines, or the dismissal of their cases. The mere fact that Cross-Appellants are incarcerated and are subject to the Department’s rules does not meet the prerequisites for standing where the challenged rules deal with restrictions arising from placement in disciplinary confinement.
The policy underlying our decision is akin to that addressed by the Second District Court in Agrico Chem. Co. v. Dep’t of Environ. Reg., 406 So.2d 478 (2d DCA 1981), rev. den., 415 So.2d 1359 (Fla.1982), which concerned a section 120.57 proceed *1336 ing governing, decisions that affect substantial interests. Our sister court stated:
[B]efore one can be considered to have a substantial interest in the outcome of the proceeding he must show 1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect. The first aspect of the test deals with the degree of injury. The second deals with the nature of the injury.
Id. at 482. The test for standing presented in Professional Firefighters is analogous to the injury-in-fact standard in Agrico Chemical. Village Park Mobile Home Ass’n, Inc. v. State Dep’t of Bus. Reg., 506 So.2d 426, 432 (Fla. 1st DCA 1987) (on mot. for reh’g) (petitioner can satisfy injury-in-fact standard by demonstrating either that he had sustained actual injury at the time of filing the petition, or that he is immediately in danger of sustaining some direct injury as a result of the challenged action); Department of Bus. Reg. v. Martin County Liquors, Inc., 574 So.2d 170, 173 (Fla. 1st DCA 1991).
Van Poyck and Ramadanovic rely on language from the Florida Supreme Court’s decision in Florida Home Builders Ass’n v. Dep’t of Labor & Employment Security, 412 So.2d 351, 354 (Fla.1982), to suggest that Jerry is no longer sound law. We note that the pertinent language in the subsequent opinion disapproved our holding in Jerry only to the extent that it conflicted with the supreme court’s views regarding another aspect of standing not involved here. See 412 So.2d at 353-54.
The final order of the hearing officer is REVERSED.
SMITH and KAHN, JJ., concur.