WOLF, J.
Petitioner, Edward Vale, challenges an order of the circuit court denying his chal *967 lenge to the Department of Corrections’ decision to not refund copying costs for his legal papers. Petitioner asserts that our decision in Smith v. Florida Department of Corrections, 920 So.2d 638 (Fla. 1st DCA 2005), should be applied retroactively. We decline to do so and deny his request for relief.
On March 6, 2006, petitioner filed an informal grievance with the warden at the Department of Corrections (Department). The grievance requested that “all money deducted from my inmate account be refunded or credited to my account.” This request was premised on the fact that he had paid to make copies of his legal paperwork, even though that provision in the administrative code was stricken. On March 7, 2006, petitioner’s grievance was denied and explained that, although the rule was stricken, previously collected money would not be refunded.
On March 24, 2006, petitioner appealed the decision to the superintendent. A response on April 20, 2006, denied petitioner’s grievance stating that no refunds are given on liens collected up to the date of the holding in Smith.
In Board of Optometry v. Florida Society of Ophthalmology, 538 So.2d 878 (Fla. 1st DCA 1988), this court found that the State Board of Optometry (Board) exceeded reasonable construction of the enabling statute in promulgating a rule which created an application form drafted by the Board to be used to certify optometrists to administer ocular drugs. Id. at 879. Because the Board exceeded the reasonable construction of the enabling the statute, the challenged administrative rule was found invalid. Id. In discussing the retro-activity of the invalidity, this court provided:
It is apparent that the statutory scheme in chapter 120 for invalidating agency rules contemplates that once a rule, or an agency statement or form that constitutes a rule under the definition in section 120.52(16), Florida Statutes (1987), has been issued and acted or relied upon by the agency or members of the public in conducting the business of the agency, the rule will be treated as presumptively valid, or merely voidable, and must be given legal effect until invalidated in a section 120.56 rule challenge proceeding. The rule may be invalidated before becoming effective only by filing a rule challenge proceeding under section 120.54(4), Florida Statutes (1987), or initiating a drawout proceeding authorized in section 120.54(17), Florida Statutes (1987). The statutory scheme is obviously intended to avoid the chaotic uncertainty that would necessarily flow from retroactively invalidating agency action taken in reliance on the presumed validity of its rule prior to a proper rule challenge proceeding holding the rule invalid.
Id. at 889 (emphasis added). Applying this reasoning to the situation in Board of Optometry, this court held that rule 21Q-10.001, which was held invalid by the hearing officer and this court’s opinion, was void and ineffective as of the date the decision of this court became final. Id.; see also Dep’t of Bus. Regulation, Div. of Alcoholic Beverages & Tobacco v. Martin County Liquors, Inc., 574 So.2d 170 (Fla. 1st DCA 1991) (holding that, because the application form, DBR 700L, and policy section 302 were not properly promulgated as rules, they will become void and ineffective as of the date the court’s decision became final).
We, therefore, deny the petition.
ALLEN and POLSTON, JJ., concur.